IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. L-11-1287 |
| | § | |
| JESUS ALANIZ, JR. | § | (Civil Action No. L-12-0158) |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendant Jesus Alaniz's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("2255 Motion") [Doc. # 43]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the sentencing proceeding, and the application of governing legal authorities, Alaniz's pending 2255 Motion is denied and the corresponding civil action (L-12-0158) is dismissed for reasons set forth below.

### **I.   BACKGROUND**

The United States Attorney through a Criminal Information [Doc. # 15] charged Alaniz with one count of wire fraud in connection with a scheme to defraud his employer, UTI, Inc. by issuing UTI checks to Defendant's fictitious company. On November 10, 2011, Defendant consented to plead guilty before a United States Magistrate Judge [Doc. # 18], waived his right to indictment [Doc. # 22], executed a

written Plea Agreement [Doc. # 19], and entered a plea of guilty. The Magistrate Judge issued a Report and Recommendation [Doc. # 21] recommending that the guilty plea be accepted by the District Court. There being no objections, United States District Judge Marina Garcia Marmolejo adopted the Report and Recommendation on December 6, 2011. *See* Order [Doc. # 23].

On January 27, 2012, the undersigned conducted the sentencing proceeding and sentenced Defendant to a term of imprisonment of 37 months, restitution in the amount of $250,000.00, a special assessment of $100.00, and two years of supervised release. *See* Judgment in a Criminal Case [Doc. # 33]. Defendant did not appeal his conviction or sentence and, indeed, executed a formal Notice on Non-Appeal [Doc. # 31].

Defendant has now filed the pending 2255 Motion. Defendant asserts a variety of challenges to his sentence and to an allegedly unreliable Presentence Report ("PSR"), as well as a claim of ineffective assistance of counsel based on the argument that his attorney failed to "catch" the alleged errors in the PSR and his sentence.

## II.     WAIVER TO RIGHT TO COLLATERAL REVIEW

Defendant entered into a Plea Agreement [Doc. # 19] with the United States. In the Plea Agreement, Defendant acknowledged that he understood his right to "collaterally attack" his conviction or sentence, and he waived that right to pursue

collateral review, including the right to file a motion pursuant to § 2255. *See* Plea Agreement, ¶ 8.

A criminal defendant may waive the right to appeal and collateral review, so long as the waiver is knowing and voluntary. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (waiver of right to appeal). An "informed and voluntary waiver of the right to file a 28 U.S.C. § 2255 motion will be enforced." *White*, 307 F.3d at 341 (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *Id.* at 343. If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced. *Id.* at 343-44.

In this case, Defendant does not challenge the validity of his guilty plea or the Plea Agreement. Defendant asserts a claim of ineffective assistance of counsel in connection with his sentencing, but he does not assert that the waiver of his right to collateral review was itself tainted by any alleged ineffective assistance of counsel. The waiver explicitly relates to motions filed pursuant to § 2255. The Court

concludes, therefore, that Alaniz's claims in his § 2255 Motion are foreclosed by the waiver in the written Plea Agreement.[1]

### III.   **CERTIFICATE OF APPEALABILITY**

The defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a movant must show "that reasonable jurists

---

[1]  Notwithstanding Alaniz's waiver of his right to seek collateral review, the Court has considered each of his asserted grounds for relief and finds that they do not, separately or collectively, warrant relief under § 2255.  Moreover, if it were determined that there was any error in the Court's sentencing in this case, the Court finds, after consideration of the relevant sentencing factors and the exercise of the Court's discretion, it would not impose a lower sentence.

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether Alaniz knowingly and voluntarily waived his right to file a motion pursuant to § 2255 requesting relief from his sentence. Accordingly, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

For all of the foregoing reasons, it is hereby **ORDERED** that Alaniz's motion for relief under 28 U.S.C. § 2255 [Doc. # 43] is **DENIED** and the corresponding civil action L-12-0158 is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 9th day of **October, 2012**.

Nancy F. Atlas
United States District Judge